PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* LÓPEZ BROTHERS, Defendants and Appellants.

No. 2932.   Argued November 9, 1926.—Decided January 14, 1927.

*Monserrat & Monserrat* and *Pedro Santana,* Jr., for the appellants. *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In a prosecution for selling bread under weight the complainant began by saying that he was proceeding against López Hermanos, represented by José López. The judgment found "the defendant" guilty, without further specification of the person. We have decided (*People* v. *Fernández,* 35 P.R.R. 307) that there can be no prosecution of a firm. The complaint is ambiguously drawn and it might be doubtful whether the complaint was directed against the firm or against José López. The record shows that the defendant pleaded not guilty, but formulated no other objection. Under these circumstances we may assume that the prosecution was individually against José López, especially as in this regard he now assigns error only because the complaint fails to say that José López was the sole managing partner. The case of *People* v. *Arce,* 34 P.R.R. 327, is cited. There we decided

that, while the evidence showed that Francisco Arce was a managing partner, yet it did not show that he was responsible for the acts of the firm, nor yet that he was the only managing partner. There was no question of pleading involved and here the complaint sufficiently charges that the defendant was responsible for the act of selling bread under weight. *People* v. *Barquet,* 19 P.R.R. 753.

The appellant then assigns the insufficiency of the evidence to justify a conviction. It is not denied that the bread proved to be under weight when placed upon a certain scale, but the appellant insists that the accuracy of the scale was not duly shown. It is conceded that the scale was tested fifteen or twenty days before. In the absence of a showing or authority to the effect that fifteen or twenty days is too remote a period, the principle of continuity is applicable, namely, "that a thing once proved to exist continues as long as is usual with things of that nature." Law of Evidence, Comp. of 1911, p. 289, Section 102, Par. 31.

We agree with the appellant that the judgment is insufficient. It failed to name José López, but simply found the defendant guilty. This we may correct.

The judgment should also have made a greater specification than to say that the defendant was guilty of violating the law of weights and measures. The offense could have been better described, but the appellant assigns no error in this regard and of the fact of underweight there remains no doubt.

The judgment should be modified so as to say that the court finds the "defendant José López guilty" (*convicto*), and, as modified, affirmed.

Mr. Justice Hutchison took no part in the decision of this case.